**UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MARYLAND**
**(Northern Division)**

| | |
|---|---|
| DIANE TURNER, | * |
| | * |
|    Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:21-cv-02656-CCB |
| | * |
| SHANTE McCRAY-BEY, | * |
| | * |
|    Defendant. | * |

**MEMORANDUM IN SUPPORT OF**
**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Defendant, Shante McCray-Bey ("Shante"), submits this Memorandum in support of her Motion for Summary Judgment. The legal standard for summary judgment is well known to the Court and has therefore been omitted.

<u>Issue</u>

The sole issue is whether Diane Turner, as Personal Representative of the Estate of Tyrone McCray-Bey, Jr. (the "Estate"), can prove by a preponderance of the evidence that Shante feloniously and intentionally killed, conspired to kill, or procured the killing of Tyrone McCray-Bey, Jr. ("Tyrone") in violation of Maryland's slayer rule, such that she is disqualified from receiving the spousal rider death benefit of life insurance Policy No. 0491344096 (the "Policy") issued by Primerica Life Insurance Company ("Primerica"). For the reasons set forth herein, the Estate cannot meet that burden. There is no evidence beyond speculation that Shante murdered Tyrone or had him murdered. Accordingly, because there is no genuine issue as to any material fact regarding this issue, the case is ripe for summary judgment.

Statement of Uncontested Material Facts[1]

1. On April 19, 2019, Primerica issued the Policy to Shante as the owner and primary insured. *See* Complaint (ECF No. 1 at ¶¶ 9, 15); Ans. of Shante (ECF No. 7 at ¶¶ 9, 15); Ans. of Estate (ECF No. 8 at ¶¶ 9, 15); *see also* Policy (ECF No. 1-2 at 4).

2. Tyrone was also insured under the Policy pursuant to a spousal rider. *See* Complaint (ECF No. 1 at ¶¶ 9, 15); Ans. of Shante (ECF No. 7 at ¶¶ 9, 15); Ans. of Estate (ECF No. 8 at ¶¶ 9, 15); *see also* Policy (ECF No. 1-2 at 27).

3. Shante was designated as the beneficiary of the spousal rider death benefit. *See* Complaint (ECF No. 1 at ¶ 16); Ans. of Shante (ECF No. 7 at ¶ 16); *see also* Application attached hereto as Exhibit B at 4, ¶ 11.

4. On May 23, 2020, the Insured was murdered. *See* Complaint (ECF No. 1 at ¶ 19); Ans. of Shante (ECF No. 7 at ¶ 19); Ans. of Estate (ECF No. 8 at ¶ 19); *see also* Death Certificate (ECF No. 1-3).

5. On February 14, 2022, Primerica deposited $613,077.30, representing the spousal rider death benefit and interest payable, into the registry of the Court, and was dismissed as a party. (ECF No. 17).

Law and Argument

**A.     Applicable Law**

The documents produced by Primerica do not state which jurisdiction's laws govern the Policy. However, Tyrone lived in Maryland and the Policy was delivered to Shante in Maryland. Moreover, this case was filed in Maryland. Accordingly, because this is a diversity jurisdiction

---

[1] All of the documents referenced in this section (*i.e.*, the Policy, Application and Death Certificate) were produced by Primerica prior to its dismissal and discharge. The Certification of its Records Custodian is attached hereto as Exhibit A.

case involving no federal question, Shante believes Maryland substantive law applies. *See* Gasperini v. Center for Humanities, Inc., 518 U.S. 415, 427, 116 S. Ct. 2211, 135 L. Ed. 2d 659 (1996) (under the rule of *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 58 S. Ct. 817, 82 L. Ed. 1188 (1938), federal courts sitting in diversity jurisdiction apply state substantive law and federal procedural law.)

**B.    Maryland's Slayer Rule**

Maryland's slayer rule provides that a named beneficiary of a life insurance policy who feloniously and intentionally kills, conspires to kill, or procures the killing of the person insured is not entitled to any benefit under the policy.  *See* Md. Code, Est. & Trusts § 11-112.

**C.    There is No Evidence That Shante Violated the Slayer Rule**

On May 23, 2020, Tyrone was shot and killed at 2100 Baker Street in Baltimore, Maryland.  *See* Stmt. of Uncont. Mat. Facts at ¶ 4; *see also* Death Certificate (ECF No. 1-3). Shante was at her home in Abingdon, Maryland with several other family members at the time of the shooting.  Meanwhile, a person named Andrew Harvey, Jr. was initially arrested and charged with Tyrone's murder, after his DNA was found at the scene.[2]  Those charges were subsequently dropped, and the police have not arrested anyone else in connection with Tyrone's death.

On October 15, 2021, Primerica commenced this interpleader action because Detective Chin of the Baltimore Police Department told Primerica that Shante was neither a suspect nor had been cleared as a suspect concerning Tyrone's homicide.  *See* Complaint (ECF No. 1 at ¶¶ 25-27).  As the designated beneficiary of the Policy's spousal rider benefit, Shante is entitled to receive the death benefit unless she is otherwise disqualified under the slayer rule.

---

[2]    https://www.stattorney.org/media-center/press-releases/2211-man-charged-with-first-degree-murder-for-may-2020-shooting-in-west-baltimore-community

Shante maintains that she was not involved in Tyrone's murder, and she has not been arrested, charged or convicted in connection with Tyrone's death. *See* Declaration of Shante McCray-Bey attached hereto as Exhibit C at ¶¶ 11-13. Thus, she does not have to prove her innocence to collect death benefit. Rather, the Estate must prove by a preponderance of the evidence that Shante is disqualified for violating Maryland's Slayer Rule. "The applicability of Maryland's slayer rule is determined in a civil proceeding, and the burden of proof is on the party asserting the slayer's rule to show by a preponderance of the evidence that the homicide was felonious and intentional." Metro. Life Ins. Co. v. Smith, Civil Action No. DKC 14-3697, 2016 U.S. Dist. LEXIS 50246, at *13 n.3 (D. Md. Apr. 14, 2016) (internal marks and other citations omitted). In this case, however, there is no evidence beyond speculation that Shante killed, conspired to kill, or procured Tyrone's death. Shante had no reason to suddenly decide that she wanted her children's father dead, and she has fully cooperated with police in their investigation. *See* Exhibit C at ¶¶ 13-14. The decision of law enforcement not to eliminate her from consideration as a suspect does not rise to the level of showing by a preponderance of the evidence that Shante is disqualified as the beneficiary of the spousal rider death benefit.

## Conclusion

Shante has the burden of demonstrating there is no genuine issue of any material fact that she is the beneficiary of the Policy's spousal rider death benefit. She has carried that burden by showing that she was the beneficiary of record. *See* Stmt. of Uncont. Mat. Facts at ¶ 3. The Estate now has the burden of coming forward with evidence to show that Shante is disqualified as the proper beneficiary by demonstrating that she was feloniously involved in Tyrone's death. The Estate cannot carry such a burden. Absent the introduction of any admissible evidence showing Shante more likely than not caused Tyrone's death, her rights as

beneficiary of the Policy are still intact. Accordingly, Shante is entitled to summary judgment as a matter of law.

Dated this 22nd day of November, 2022.

                                              Respectfully submitted,

/s/Eric N. Stravitz
Eric N. Stravitz (Bar No. 23610)
STRAVITZ LAW FIRM, PC
4601 Presidents Drive
Suite 120
Lanham, MD 20706
O: 240-467-5741
E: eric@stravitzlawfirm.com

/s/Michael Hoover
Michael J. Hoover *(Pro Hac Vice)*
LA Bar No. 35497
INTERPLEADER LAW, LLC
5800 One Perkins Place Dr., Suite 2A
Baton Rouge, Louisiana 70808
(225) 246-8706
michael.hoover@interpleaderlaw.com

*Counsel for Defendant Shante Bey-McCray*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served this 22nd day of November, 2022, upon all attorneys to this matter by filing with the Court's CM/ECF system, which will automatically e-mail notification of same to all counsel of record.

/s/Michael Hoover
Michael Hoover